UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND OF INDIANA, INDIANA PROTECTION AND ADVOCACY SERVICES COMMISSION, KRISTIN FLESCHNER, RITA KERSH, and WANDA TACKETT, <br><br> Plaintiffs, <br><br> v. <br><br> INDIANA ELECTION COMMISSION; THE INDIVIDUAL MEMBERS of the INDIANA ELECTION COMMISSION, in their official capacities; INDIANA SECRETARY OF STATE, in her official capacity, THE INDIANA ELECTION DIVISION; and THE CO-DIRECTORS OF THE INDIANA ELECTION DIVISION, in their official capacities, <br><br> Defendants. | Case No. 1:20-cv-3118-JMS-MJD <br><br><br> **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs, by and through their attorneys, request that this Court grant their motion for a preliminary injunction to ensure secure and equal access to Defendants' Absentee Vote By Mail Program in the May 2022 primary elections for voters with print disabilities. In support of this motion, Plaintiffs state as follows:

1. Indiana's absentee voting program is comprised of four parts: (1) In-person absentee voting, known as "early voting," which is done at elections offices on voting machines in advance of Election Day, Ind. Code §§ 3-11-10-26, 3-11-10-26.2; (2) absentee voting by mail, which is done on paper ballots from the voter's home, Ind. Code § 3-11-10-24; (3)

    visiting absentee voter board for voters with print disabilities who cannot mark or sign a paper absentee ballot, colloquially known as the "traveling board," which travels to the voter's residence by appointment to assist the voter in completing the ballot in the twelve days preceding the election, Ind. Code § 3-11-10-25; and (4) an absentee voting program pursuant to the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 *et. seq* ("UOCAVA") that permits military voters, overseas civilian voters, and voters participating in the state address confidentiality program to vote by mail, fax, or email. Ind. Code § 3-11-4-6.

2. Indiana voters with print disabilities who wish to vote by absentee ballot only have one option available to them: To schedule an appointment with their counties of residence for a so-called "traveling board" of elections officials to come to their home and assist them with marking their ballot. Ind. Code § 3-11-10-25.  As such, voters with print disabilities who wish to vote absentee from home must admit two strangers into their home at a time convenient to those strangers, disclose voting choices that are personal and meant to be kept secret, and rely on the strangers to fill out the ballot accurately.

3. The ongoing COVID-19 pandemic has made the issue of the accessibility of absentee voting exceptionally pressing.  Ahead of the November 2020 elections, Indiana voters eligible to cast their votes by mail from home requested absentee ballots three times more often than they did in 2016.  Ultimately, of the approximately 3 million votes cast in Indiana in the 2020 general election, 61% were cast by absentee ballot, a significant increase over prior general Presidential elections. At the same time, counties had difficulties recruiting traveling board members, which are an accommodation voters with print disabilities require in order to comply with Ind. Code § 3-11-10-25.  IED Dep. 118-

19.

4. All of the individual plaintiffs are blind registered voters who prefer to vote absentee in the May 2022 primary. Because of the COVID-19 pandemic, they prefer to vote from home rather than in person, and indeed, several have immune system-related reasons for doing so. None of them wish to be subjected to the traveling board in order to vote absentee. All of them are confident computer users and can therefore request, mark and return their ballot independently as long as the relevant forms and the submission process are made accessible to voters with print disabilities.

5. In April 2021, Indiana enacted Senate Enrolled Act 398 ("SEA 398"). 2021 Ind. Legis. Serv. P.L. 109-2021. This law partially amended the state code to extend certain electronic elements from the UOCAVA voting program to voters with print disabilities. Among other provisions, SEA 398 specifically states that voters with print disabilities may participate in the UOCAVA email voting program and that "[t]he secretary of state, with the approval of the election division, shall develop a system that complies with the Web Content Guidelines." Ind. Code § 3-11-4-6(k).

6. Defendants' plan to implement the provisions of SEA 398 suffers from several fatal flaws and will therefore be insufficient to ensure accessible absentee voting for voters with print disabilities in time for the upcoming May 2022 primary election. One, this plan, as announced via a policy issued by Defendants in September of 2021, does not contemplate making accessible or testing for WCAG compliance several basic documents of absentee voting: The absentee ballot itself, the county-specific absentee voting instructions, and the bill of rights. Two, Defendants' plan for the signing of the so-called secrecy waiver, a form that must be submitted when voting via the UOCAVA program, is inaccessible with

assistive technology used by voters with print disabilities. Finally, to the extent Defendants admit that absentee ballots themselves must be made accessible, those ballots will not be ready in time for the May 2022 primary election because neither Defendants nor the county boards of elections have the relevant expertise, and no one has arranged to hire the vendors or train the county personnel necessary to make thousands of ballots accessible in time for election day.

7. A party seeking a preliminary injunction must demonstrate that (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 965 (7th Cir. 2018). If the first three elements are met, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*. at 966.

8. A discriminatory voting program is sufficient to show irreparable harm. Courts have indeed specifically found that denial of an accessible, private, and independent absentee ballot constitutes irreparable harm to voters with print disabilities. *See, e.g.*, *Taliaferro v. N. Carolina State Bd. of Elections*, 489 F. Supp. 3d 433, 437 (E.D.N.C. 2020); *Drenth v. Boockvar*, No. 1:20-CV-00829, 2020 WL 2745729, at *4–5 (M.D. Pa. May 27, 2020). The lack of accessible absentee ballot is especially harmful in the age of COVID-19, as it effectively forces Plaintiffs to choose between a private independent ballot that can only be accessed by risking their health and voting in person, or giving up the private and independent vote—which is their right—by using the Absentee Vote By Mail Program,

which in its current format may itself still pose risk of exposure to COVID-19. Plaintiffs have therefore demonstrated irreparable harm.

9. The second prong – namely, demonstrating inadequacy of the traditional legal remedies – is met where the moving party shows that an adequate alternative remedy in the form of money damages or other relief does not exist. *EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011). Here, Plaintiffs face the prospect of being denied their right to vote privately and independently in the May 2022 primary election. Should they be unable to participate in that election, they will have lost their right to do so forever without legal recourse. This requirement is therefore met as well.

10. Thirdly, Plaintiffs are highly likely to succeed on their claims that the traveling absentee board and paper ballot absentee requirements discriminate against them as voters with print disabilities because Defendants' conduct violates federal disability rights laws. A successful claim under Title II of the Americans with Disabilities Act consists of three elements: (1) that the plaintiffs are individuals with disabilities who are qualified to benefit from a government program, service, or activity; (2) that Defendants running that program are covered entities under the statute; and (3) that plaintiffs were denied the benefits of the service, program, or activity, or otherwise discriminated against, on the basis of their disability. *See Ravenna v. Vill. of Skokie*, 388 F. Supp. 3d 999, 1009 (N.D. Ill. 2019). Here, all individual plaintiffs have qualifying disabilities; Defendants have admitted to receiving federal funding and are therefore covered entities; and the traveling board and paper absentee ballots discriminate against voters with print disabilities because they require these voters to accept the assistance of others in ways they do not want or need, thereby creating an unequal and lesser voting experience, and sometimes

denying them the right to vote altogether. Each element of a successful ADA claim is therefore met, making it highly likely that Plaintiffs will prevail on their claims.

11. Finally, the balance of equities clearly tips in Plaintiffs' favor for several reasons. First, Plaintiffs have identified an accommodation which, if implemented, would provide voters with print disabilities with a way to request, mark and return their ballot in a private, independent and safe manner. In particular, there are publicly available, safe HTML-based technologies that enable voters with disabilities to electronically receive and mark their absentee ballots privately and independently. These technologies, commonly known as remote accessible vote-by-mail ("RAVBM") tools, were used in jurisdictions across the country for the 2020 General Election, including in Maryland, Delaware, Florida, Ohio, Michigan, Pennsylvania, North Carolina, New York City, Washington State, Maine, California, Colorado, Hawaii, Massachusetts, Virginia, Minnesota, Vermont, New Hampshire, Delaware, West Virginia, Oregon, New Jersey, the District of Columbia, Illinois, Kentucky, and Nevada. Declaration of Lou Ann Blake ¶¶ 19-26. Many of those tools are entirely free of cost to Defendants. As such, were Defendants to choose this option, they could implement the requirements of SEA 398 in as little as one week with minimal costs, especially since the tool would obviate the need for each individual county to develop or contract for the necessary accessibility expertise that they do not have.

12. The balance of equities additionally tips in Plaintiffs' favor because Defendants' current sole accommodation for voters with print disabilities – namely, the mandatory use of traveling board for those who wish to vote absentee but cannot mark their own ballots – deprives those voters of the ability to at least mark the ballot with the assistance of a person of their choice. *See Democracy N.C. v. N.C. State Bd. of Elections*, 476 F. Supp.

3d 158, 233 (M.D.N.C. 2020). At the same time, making traveling board non-mandatory would impose no costs on Defendants. Indeed, doing so would likely conserve resources for Defendants since it would allow Defendant agencies as well as individual counties those agencies oversee to preserve resources that they would otherwise spend coordinating, training, and recruiting volunteers to serve as traveling boards.

13. Finally, a preliminary injunction directing accessible absentee voting is in the public interest because voting is a "critical area" for people with disabilities that Congress meant to protect in passing the ADA. 42 U.S.C. § 12101(a)(3). Therefore, public interest considerations warrant the conclusion that the balance of equities tips in Plaintiffs' favor as well.

14. In view of all the relevant factors discussed above, Plaintiffs respectfully request that this Court issue a preliminary injunction for the May 2022 primary election that (1) makes use of the traveling absentee board permissive for voters with print disabilities rather than mandatory, and (2) directs Indiana to provide a web-based absentee ballot marking and submission option for use with assistive technology, as other courts and states have done.

This 7th day of February, 2022.

Respectfully submitted,

/s/ Samuel M. Adams
Samuel M. Adams (No. 28437-49)
Thomas E. Crishon (No. 28513-49)
INDIANA DISABILITY RIGHTS
4755 Kingsway Drive, Suite 100
Indianapolis, Indiana 46205

Tel: (317) 722-5555

Fax: (317) 722-5564

tcrishon@indianadisabilityrights.org
samadams@indianadisabilityrights.org


Stuart Seaborn*

sseaborn@dralegal.org
Rosa Lee Bichell*
rbichell@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center St #4
Berkeley, CA 94704
Phone: (510) 665-8644
Fax:    (510) 665-8511

Christina Brandt-Young*
cbrandt-young@dralegal.org
DISABILITY RIGHTS ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel:  (212) 644-8644
Fax:  (212) 644-8636

Jelena Kolic*
DISABILITY RIGHTS ADVOCATES
10 South LaSalle Street, 18th Floor
Chicago, IL 60613
jkolic@dralegal.org

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 7th, 2022, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System for all parties, and otherwise and notice was provided via e-mail to:

>Jefferson S. Garn
>Deputy Attorney General
>Courtney Abshire
>Caryn Szyper
>OFFICE OF THE INDIANA ATTORNEY GENERAL
>Indiana Government Center South Fifth Floor
>302 W. Washington Street
>Indianapolis, IN 46204-2770
>jefferson.garn@atg.in.gov
>courtney.abshire@atg.in.gov
>Caryn.Szyper@atg.in.gov
>*Attorneys for Defendants*

>/s/ Samuel M. Adams
>Samuel M. Adams (No. 28437-49)
>Thomas E. Crishon (No. 28513-49)
>INDIANA DISABILITY RIGHTS
>4755 Kingsway Drive, Suite 100
>Indianapolis, Indiana 46205
>Tel: (317) 722-5555
>Fax: (317) 722-5564
>samadams@indianadisabilityrights.org
>tcrishon@indianadisabilityrights.org
>
>Stuart Seaborn*
>sseaborn@dralegal.org
>Rosa Lee Bichell*
>rbichell@dralegal.org
>DISABILITY RIGHTS ADVOCATES
>2001 Center St #4
>Berkeley, CA 94704
>Phone: (510) 665-8644
>Fax: (510) 665-8511

Christina Brandt-Young*
cbrandt-young@dralegal.org
DISABILITY RIGHTS ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel:  (212) 644-8644
Fax:  (212) 644-8636

Jelena Kolic*
DISABILITY RIGHTS ADVOCATES
10 South LaSalle Street, 18th Floor
Chicago, IL 60613
jkolic@dralegal.org

*Attorneys for Plaintiffs*