UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND OF INDIANA, et. al, | ) ) ) |
| Plaintiffs, | ) ) No. 1:20-cv-3118-JMS-MJD |
| v. | ) ) ) |
| INDIANA ELECTION COMMISSION, et. al. | ) ) ) |
| Defendants. | ) ) ) |

**RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR EXPEDITED BRIEFING**

The Court should deny Plaintiffs' motion for expedited briefing relating to their alternative request for a preliminary injunction because it is unfairly prejudicial to Defendants, for three reasons:

First, Plaintiffs have created the urgency that they allege requires expedited briefing. They initiated this suit in December 2020 [Filing No. 1] and have had a year and a half to file for both a preliminary injunction and summary judgment. But instead of moving promptly, they waited until the eve of the primary election to request a preliminary injunction, which they filed on February 11, 2022. [Filing No. 81.] Then, even though the Court noted the timing problems with granting their requested injunctive relief when it granted a more-limited preliminary injunction [Filing No. 99 at 11–14], Plaintiffs took every day of their scheduled timeframe—one that the Court extended three times for a total of six-and-a-half months either upon

1

Plaintiffs' written motion [Filing No. 49 at 3; Filing No. 54 at 2] or upon Plaintiffs' verbal request during a status conference [Filing No. 70 at 2; Filing No. 117 at 2]—to prepare their motion for summary judgment. Defendants should not be forced into overdrive because Plaintiffs fear that the Court will not have sufficient time when Plaintiffs could have filed their motions much, much earlier.

Second, granting Plaintiffs' request for expedited briefing would severely hamper Defendants' ability to respond. The first time Plaintiffs requested a preliminary injunction—14 months after filing their complaint—Defendants were afforded only 11 days to respond. [Filing No. 85.] Now, despite taking all their allotted time by waiting until May 18 to move for summary judgment [Filing No. 117 at 2; Filing No. 127], Plaintiffs seek to shorten once again Defendants' deadline to respond [Filing No. 129]—a deadline they have known about and participated in setting with the Court. Worse, the parties prepare joint status reports and participate in calls with the Court every four weeks [Filing No. 71], yet Plaintiffs did not alert the Court or Defendants of their desire to short-change Defendants on their time to prepare their brief until minutes before they filed their motion for summary judgment. Defendants thus had no reason to believe that they would not have the full time allotted in the amended CMP to respond to Plaintiffs' motions. The surprising request for a shortened deadline compounds the difficulty of what is already a factually intense case that involves various software technologies shortly after the primary election and in the midst of addressing a recount petition.

Third, Plaintiffs demand Defendants file multiple responses on different

timeframes to their single brief. Plaintiffs filed one brief—and ask the Court to order Defendants to respond in short order to their alternative request for preliminary injunction, while responding to the same brief in support of summary judgment on another schedule. That will only sow confusion and likely unnecessarily overlapping briefing.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' motion for expedited briefing.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: May 27, 2022      By:     Caryn N. Szyper
Attorney No. 30063-49
Deputy Attorney General
OFFICE OF INDIANA ATTORNEY GENERAL
TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Phone: (317) 232-6297
Fax: (317) 232-7979
Email: Caryn.Szyper@atg.in.gov